UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALYSSA CARTON,

    Plaintiff,

v.                                           1:17-cv-00039 SCY-LF

COURTYARD NM, LLC

    Defendant.

## COURTYARD NM, LLC'S RESPONSE/OBJECTIONS TO PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION

COMES NOW Defendant Courtyard NM, LLC, ("Courtyard") by and through its counsel of record, Lewis Roca Rothgerber Christie LLP (Bobbie J. Collins and Melanie V. Pate), in *Carton v. Courtyard NM, LLC*, Cause No. 1:17-cv-00039-SCY-LF, and hereby files its Response/Objections to Magistrate Molzen's Proposed Findings of Fact and Recommended Disposition [Doc. No. 21] ("Proposed Findings") issued July 10, 2017 pursuant to the Court's Order of Reference dated April 14, 2017 [Doc. No. 13] in *Carton v. Carroll Ventures, Inc.*, Cause No. CIV 17-0037 KG/SCY:

Courtyard filed an Answer on March 27, 2017 to Plaintiff Alyssa Carton's ("Ms. Carton") Complaint in *Carton v. Courtyard NM, LLC*. Nearly two weeks later the Court issued an Order to Show Cause [Doc. No. 9] in *Carton v. Carroll Ventures, Inc.* Courtyard's counsel has been monitoring these proceedings, but has not attended either of the hearings conducted.[1] Courtyard responds that it does not object to the Proposed Findings, except as follows:

    1.    Courtyard requests that the Order dismissing the cases not rely upon the request of Ms. Carton (or her attorney) to dismiss the cases. *See* Proposed Findings, Doc. 21, p.28 ("The

---

[1] A paralegal for the undersigned counsel attended the first hearing.

1

Court also recommends that the cases be dismissed with prejudice as both Ms. Carton and Attorney Pomeranz have requested.  *See* Transcript – 2nd Hrg at 94:12-95:05).  The Litigation Funding Agreement states "(ii) Claimant shall obtain Company's consent before disposing of the Claims. (iv) Claimant may only discontinue the Claims with the prior consent of the Company." *See* Doc. No. 21-1, p. 3.  Additionally, the Fee Agreement provided by Ms. Carton's Counsel states, "LMSC [(Litigation Management Support Company)]  is anticipated to provide attorney with litigation support including,…facilitating settlement discussions as directed by Attorney and *with final authorization by Client.*  Attorney will provide LMSC authority to present settlement offers to opposing counsel/parties.")(emphasis added).  *See also* Doc. No. 21-2, p. 3.  These provisions call into question the apparent authority of Ms. Carton and her attorney to request dismissal of the cases; it appears based upon the exhibits to the Proposed Findings that neither may have actual authority to request dismissal.  Therefore, absent a showing in the record of Litigation Management and Financial Services, LLC's ("LMFS") consent to dismissal of the cases, a dismissal relying upon Ms. Carton's or her attorney's requests may subject the defendants to further litigation involving the defendants' knowledge of, or failure to inquire into, Ms. Carton's and her attorney's authority to seek dismissal of the cases in the first place.  If instead the Court simply dismisses the cases based upon a finding that they are malicious or frivolous, the authority of Ms. Carton and her attorney to request dismissal need not be relevant or relied upon.

      2.       Courtyard requests a finding that LMFS was not a necessary and indispensable party to any of the cases filed by Ms. Carton, and specifically the Court's proceedings relating to Ms. Carton's *in forma pauperis* request in the *Carton v. Carroll Ventures, Inc.* proceedings arising from the 28 U.S.C. § 1915(e)(2) hearing.

3. Procedurally, should the Court dismiss the cases absent the entry of an order directing Ms. Carton to pay the attorney fees and costs of defense incurred by defendants, the Court should retain jurisdiction of the cases for a short period in order for the defendants to determine whether they will pursue counterclaims and/or third party claims related to recovery of their expenses. In particular, the dismissal of the cases would require defendants seeking to assert claims against Ms. Carton to personally serve her with a Complaint instead of simply e-serving her counsel in filing a counterclaim. Additional time may also provide all defendants' counsel time to communicate and consolidate cases to one or more attorneys responsible for pursuing collection efforts against Ms. Carton, her attorney, or other third parties on behalf of all defendants.

4. Finally, since Courtyard previously filed its Answer, it would need to seek leave to amend its answer to assert any additional claims if it chose to do so. Instead, the Court should allow defendants a short period to automatically file amended claims or third party claims which arose as a result of the Court's final order in this matter.

5. Courtyard reserves the right to incorporate by reference the objections to the Proposed Findings of any other defendants which may be filed in relation to this matter.

WHEREFORE, Courtyard NM, LLC respectfully requests the Court to enter the Proposed Findings of Fact and Recommended Disposition subject to the above exceptions, and for such further relief as the Court deems necessary.

Dated: July 24, 2017

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Bobbie J. Collins*
    Bobbie J. Collins
    Melanie V. Pate, *pro hac vice*
    201 Third Street NW, Suite 1950
    Albuquerque, NM 87102-4388
    Tel: 505.764.5400
    Fax: 505.764.5480
    bcollins@lrrc.com
    mpate@lrrc.com
    *Attorneys for Defendant Courtyard NM, LLC*

I hereby certify that on July 24, 2017, I filed the foregoing electronically using the CM/ECF System which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and to molzenchambers@nmcourt.fed.us (pursuant to the Proposed Findings [Doc. 21 in 1:17-cv-00039-SCY/LF, p. 28])

By: */s/ Bobbie J. Collins*
    Bobbie J. Collins

4