**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ALYSSA CARTON,

      Plaintiff,

v.                                                                                                                                      CIV 17-0037 KG/SCY

CARROLL VENTURES, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Courtyard NM, LLC's Response/Objections to Proposed Findings of Fact and Recommended Disposition, Doc. 22, filed July 24, 2017 in *Carton v. Courtyard NM, LLC*, 17cv39 SCY/LF ("Objections"). For the reasons stated below, the Court will **ADOPT** the recommendations in the Proposed Findings of Fact and Recommended Disposition and **SUSTAIN** the Objections **in part.**

**Background**

Attorney Sharon Pomeranz filed 99 cases on behalf of Plaintiff Alyssa Carton, who suffers from spina bifida and requires the use of a wheelchair. *See* Proposed Findings of Fact and Recommended Disposition at 1, Doc. 39, filed July 10, 2017 ("PFRD"). The Complaints, which are identical except for the names of the Defendants, the addresses of Defendants' PPAs, and the specific alleged ADA violations at each PPA, allege that each Defendant owns and/or operates a place of public accommodation ("PPA") which violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and related regulations. *See* PFRD at 2.

Plaintiff is proceeding *in forma pauperis* ("IFP") in all but two of the cases.[1] The statute governing proceedings *in forma pauperis* states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). The Court entered an Order of Reference designating United States Chief Magistrate Judge Karen B. Molzen to conduct a hearing and to submit an analysis, including findings of fact and recommended disposition. *See* Doc. 20, filed April 14, 2017. Judge Molzen held a hearing on May 1, 2017, to determine whether Plaintiff's cases are frivolous or malicious, but despite the Court's Order setting the hearing, Plaintiff did not attend. *See* Doc. 7, filed April 17, 2017. Plaintiff's Attorney, Ms. Pomeranz, attended the May 1, 2017, hearing and answered questions from the Court and from defense counsel. Judge Molzen held a second hearing on May 11, 2017, at which both Ms. Carton and Ms. Pomeranz answered questions from the Court and from some of the defense counsel.

**Chief United States Magistrate Judge Molzen's PFRD**

After providing a brief background, Judge Molzen set forth the legal standard regarding dismissal of a case as frivolous or malicious:

> "A complaint is frivolous if 'it lacks an arguable basis either in law or in fact.'" *Fogle v. Infante*, 595 Fed.Appx. 807, 809 (10th Cir. 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).
>
>> Dismissal as malicious is appropriate if the court determines that the action was filed in "an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir.1995); *see Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (although " 'malicious' ... is sometimes treated as a synonym for 'frivolous,' ... [it] is more usefully construed as intended to harass"). To make this determination, the court "must ... engage in

---

[1] The Court denied Plaintiff's IFP motions in *Carton v. Carroll Ventures, Inc*,. 01cv37 KG/SCY, and in *Carton v. Aryavart, Inc.*, 17cv210 SCY/WPL (now closed).

> a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit." *Deutsch*, 67 F.3d at 1086. An action may be adjudged malicious if it "is plainly abusive of the judicial process." *Abdul–Akbar v. Dep't of Corr.*, 910 F.Supp. 986, 999 (D. Del. 1995), aff'd, 111 F.3d 125 (3d Cir. 1997) (unpublished). And "repetitious litigation of virtually identical causes of action" supports a finding of malice. *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted).
>
> *Rosiere v. United States*, 673 F.App'x 834 (10th Cir. 2016). *See also* Black's Law Dictionary 1101 (10th ed. 2014) ("Malicious" means "substantially certain to cause injury" or "without just cause or excuse"); *Hernandez v. Earney*, 558 F.Supp. 1256 (W.D.Tex. 1983) (complaint that demonstrated that purpose of action was extortion was "malicious"); *Green v. Jenkins*, 80 F.R.D. 686 (W.D.Mo. 1978) (actions initiated in bad faith for purposes of harassment were malicious); *Spencer v. Rhodes*, 656 F.Supp. 458 (E.D.N.C. 1987) (in determining whether pro se complaint should be dismissed as malicious, judge may consider not only printed words, but circumstances of history that surrounds filing, tone of allegations, and whether probative facts vital to life of lawsuit have been alleged).

PFRD at 3. After a lengthy and detailed discussion[2] of Ms. Carton's testimony and Ms. Pomeranz's statements, *see* PFRD at 4-27, Judge Molzen made the following recommendations:

> The Court therefore proposes that the remaining pending actions, listed below, be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2). The Court also recommends that the cases be dismissed with prejudice as both Ms. Carton and Attorney Pomeranz have requested. *See Transcript –2nd Hrg* at 94:12–95:05. With the dismissal of the cases, the full amount of remaining court filing fees for these cases will be due for payment to the Clerk of Court.
>
> Finally, some Defendants have requested that dismissal be conditioned on the payment of attorney fees and costs in defending these actions and potentially sanctions. Some other Defendants indicated that they have filed, or intend to file, a counterclaim for malicious abuse of process. Those issues were not referred to me by Chief Judge Armijo and are therefore not addressed herein.
>
> Nonetheless, I recommend that the Court retain jurisdiction for addressing such requests and impose a deadline for Defendants to file those motions. Any such motions should identify the person(s) or entity against which fees and costs are sought, the amount sought, an affidavit in support of the request, and a memorandum brief with case law in support of the request. If Chief Judge Armijo agrees with this recommendation, the Court proposes that such motions and memoranda be filed in the individual case in which the defendant has been sued

---

[2] The Discussion is not summarized here because there were no objections to Judge Molzen's Discussion.

and that a notice of such filing be directed to my chambers staff at molzenchambers@nmcourt.fed.us.

PFRD at 27-28.

**Objections to the PFRD**

Courtyard NM, LLC, ("Courtyard") was the only defendant to file a response/objections to the PFRD. *See* Doc. 22 in *Carton v. Courtyard NM, LLC*, 17cv39 SCY/LF ("Objections").

"Courtyard requests that the Order dismissing the cases not rely upon the request of Ms. Carton (or her attorney) to dismiss the cases." Objections at 1. Courtyard asserts that agreements Ms. Carton and Ms. Pomeranz entered into with Litigation Management and Financial Services, Inc. ("LMFS") "call into question the apparent authority of Ms. Carton and her attorney to request dismissal of the cases" and that "a dismissal relying upon Ms. Carton's or her attorney's requests may subject the defendants to further litigation." Objections at 2. Courtyard contends that "[i]f instead the Court simply dismisses the cases based upon a finding that they are malicious or frivolous, the authority of Ms. Carton and her attorney to request dismissal need not be relevant or relied upon." Objections at 2. Courtyard also requests that the Court retain jurisdiction of the cases for a short period to allow Defendants to file amended counterclaims and/or third-party claims related to recovery of their expenses.

The Court will dismiss with prejudice Ms. Carton's claims against all Defendants in all of the remaining pending cases listed below as malicious pursuant to the statute governing proceedings *in forma pauperis*, 28 U.S.C. 1915(e)(2).[3] Plaintiff and her attorney do not dispute

---

[3] Dismissal of Ms. Carton's claims includes her claims in *Carton v. Carroll Ventures, Inc,.* 01cv37 KG/SCY, where the Court denied her motion to proceed *in forma pauperis. See Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in

Judge Molzen's findings that "these cases were filed in bad faith primarily for the purpose of coercing settlements," "some of the allegations [in the Complaints] going to Ms. Carton's status as a 'customer' or 'tester' were untrue," "the Court was misled into believing that Plaintiff Carton lacked the resources to pay the required filing fees," it "appears that Attorney Pomeranz made little effort to ensure that the factual contentions in the Complaints had evidentiary support," "Attorney Pomeranz also made little effort, if any, to assure that Ms. Carton agreed with the written allegations filed with the Court," and "Attorney Pomeranz and LMFS prepared and filed the IFP applications on Ms. Carton's behalf knowing, **but failing to disclose** to the Court, that Ms. Carton indeed had the ability to pay the filing fees through her agreement with LMFS." PFRD at 12, 13, 14, 25, 26,

Defendants shall have three weeks from entry of this Order to file counterclaims, amended counterclaims and motions for attorney fees and costs. Any motions for attorney fees and costs in defending these actions and sanctions shall identify the person(s) or entity against which fees and costs are sought, the amount sought, an affidavit in support of the request, and a memorandum brief with case law in support of the request. Such motions and memoranda shall be filed in the individual case in which the defendant has been sued and a notice of such filing shall be directed to Judge Molzen's chambers staff at molzenchambers@nmcourt.fed.us.

The Court reminds Ms. Carton that the full amount of remaining Court fees are due for payment to the Clerk of Court. The remaining Court fees due as of October 6, 2017, total

---

the absence of this statutory provision"). The Court also denied Ms. Carton's motion to proceed *in forma pauperis* in *Carton v. Aryavart, Inc.*, 17cv210 SCY/WPL, which is now closed.

$38,300.00.[4] Payment of the remaining fees shall be made within three weeks of entry of this Order.

Courtyard also "requests a finding that LMFS was not a necessary and indispensable party to any of the cases filed by Ms. Carton, and specifically the Court's proceedings relating to Ms. Carton's *in forma pauperis* request in the *Carton v. Carroll Ventures, Inc.* proceedings arising from the 28 U.S.C. § 1915(e)(2) hearing." Objections at 2. The Court will deny Courtyard's request because Courtyard does not offer any argument or cite any legal authority to support its request. *See* D.N.M.LR-Civ. 7.1(a) (a motion must state with particularity the grounds for the relief sought).

**IT IS ORDERED** that:

(i) Plaintiff's claims against Defendants in the cases listed below are **DISMISSED with prejudice;**

(ii) Defendants, if they choose to file counterclaims, amended counterclaims and motions for attorney fees and costs, shall have three weeks from entry of this Order to file those documents;

(iii) Payment of the remaining filing fees shall be made within three weeks of entry of this Order.

(iv) the Clerk of the Court file this Order in each of the following cases:

1:17-cv-00037-KG-SCY      Carton v. Carroll Ventures Inc.
1:17-cv-00038-KBM-JHR      Carton v. Cole MT Albuquerque (San Mateo) NM LLC
1:17-cv-00039-SCY-LF      Carton v. Courtyard NM LLC
1:17-cv-00040-KK-SCY      Carton v. HDY LLC

---

[4] The fee for instituting any civil action, suit or proceeding in this Court is $400.00, which is comprised of the $350.00 filing fee, *see* 28 U.S.C. 1914(a), and a $50.00 administrative fee. Ms. Carton has filed 99 cases resulting in a total of $39,600.00 in Court fees. The Court has received payments totaling $1,300.00.

| | |
|---|---|
| 1:17-cv-00041-SCY-JHR | Carton v. Roshni |
| 1:17-cv-00043-SCY-KBM | Carton v. Laxmi Management LLC |
| 1:17-cv-00044-LF-KK | Carton v. LBC Company, LLC |
| 1:17-cv-00046-SCY-KBM | Carton v. San Mateo/Indian School, Inc. |
| 1:17-cv-00047-KK-JHR | Carton v. Spilca Nicolae & Mariana |
| 1:17-cv-00048-JHR-SCY | Carton v. Spirit Master Funding, LLC |
| 1:17-cv-00058-SCY-KK | Carton v. Autozone Stores LLC |
| 1:17-cv-00063-JHR-SCY | Carton v. Cole AB Albuquerque NM, LLC |
| 1:17-cv-00073-JHR-SCY | Carton v. Market Center East Retail Property, Inc. |
| 1:17-cv-00075-JHR-CG | Carton v. Miller Family Real Estate, LLC |
| 1:17-cv-00077-KK-WPL | Carton v. Pacific Realty, CO |
| 1:17-cv-00078-KK-LF | Carton v. Q Market Center, LLC |
| 1:17-cv-00080-LF-KK | Carton v. Realty Income, Corporation |
| 1:17-cv-00082-KK-KBM | Carton v. Brunetto et al |
| 1:17-cv-00083-LF-JHR | Carton v. Southwest Capital Projects, LLC |
| 1:17-cv-00084-SCY-KBM | Carton v. Westland Properties, LLC |
| 1:17-cv-00085-GJF-KBM | Carton v. Zia Trust, Inc. |
| 1:17-cv-00153-JHR-KK | Carton v. B+H Investments, LLC |
| 1:17-cv-00154-GBW-KK | Carton v. Fair Plaza, Inc |
| 1:17-cv-00156-SCY-LF | Carton v. Hayman Nurseries, LLC |
| 1:17-cv-00159-SMV-LF | Carton v. Kawips New Mexico, LLC |
| 1:17-cv-00160-GJF-LF | Carton v. LNU, et al |
| 1:17-cv-00161-LF-KBM | Carton v. M & E New Mexico Property, LLC |
| 1:17-cv-00162-JHR-LF | Carton v. Monarch Land, LLC |
| 1:17-cv-00163-KK-WPL | Carton v. Montgomery-Juan Tabo Properties, LLC |
| 1:17-cv-00164-SCY-JHR | Carton v. New Mexico Bank & Trust |
| 1:17-cv-00165-JHR-LF | Carton v. Pacific Bistro Partnership |
| 1:17-cv-00166-KBM-KK | Carton v. Pizza Hut of America LLC |
| 1:17-cv-00167-SCY-LF | Carton v. Jaramillo, et al |
| 1:17-cv-00170-KBM-KK | Carton v. Starlight Investments, LLC |
| 1:17-cv-00173-RB-SCY | Carton v. Three J's, Limited Partnership |

| | |
|---|---|
| 1:17-cv-00174-KK-KBM | Carton v. Tulsi Group, LLC |
| 1:17-cv-00211-JHR-GJF | Carton v. Autozone Stores, LLC |
| 1:17-cv-00215-KK-KBM | Carton v. Circle K Stores, Inc. |
| 1:17-cv-00218-KBM-LF | Carton v. Circle K Stores, Inc. |
| 1:17-cv-00223-SCY-KK | Carton v. M & S Properties, LLC |
| 1:17-cv-00224-KK-LF | Carton v. Medlock-New Mexico Properties, LLC |
| 1:17-cv-00225-KBM-KK | Carton v. Ling, et al. |
| 1:17-cv-00227-KBM-JHR | Carton v. Tachung Investment Company |
| 1:17-cv-00228-LF-KK | Carton v. Up Your Alley, LLC |
| 1:17-cv-00229-KK-KBM | Carton v. Wells Fargo Bank New Mexico N A |
| 1:17-cv-00293-SCY-JHR | Carton v. 9613, LLC |
| 1:17-cv-00294-SCY-LF | Carton v. Albertson's LLC |
| 1:17-cv-00295-LF-KBM | Carton v. Amerco Real Estate Company |
| 1:17-cv-00297-SCY-KK | Carton v. Conquistadores, Inc. |
| 1:17-cv-00298-SCY-KK | Carton v. D.W. Investments, Inc. |
| 1:17-cv-00299-LF-SCY | Carton v. LNU et al |
| 1:17-cv-00300-KK-JHR | Carton v. Zhao et al |
| 1:17-cv-00301-KK-JHR | Carton v. Eubank 3801, LLC |
| 1:17-cv-00302-KBM-KK | Carton v. Family Medicine, P.C. |
| 1:17-cv-00303-LF-KBM | Carton v. Fu Yuang, LLC |
| 1:17-cv-00304-LF-CG | Carton v. LNU, et al. |
| 1:17-cv-00305-KK-SCY | Carton v. LNU |
| 1:17-cv-00306-KK-KBM | Carton v. LNU |
| 1:17-cv-00308-KK-KBM | Carton v. Masada Limited Company |
| 1:17-cv-00309-GJF-LF | Carton v. Palo Alto, Inc. |
| 1:17-cv-00310-LF-KBM | Carton v. Quality Jeep Limited Partnership |
| 1:17-cv-00311-SMV-KK | Carton v. Scottsdale Village, LLC |
| 1:17-cv-00313-LF-WPL | Carton v. Starbucks Coffee Company |
| 1:17-cv-00314-CG-SCY | Carton v. Trimari Holdings, LLC |
| 1:17-cv-00315-KK-KBM | Carton v. U.S. Bank National Association. |

_____
**THE HONORABLE M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE**